IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE BUSSINGER,                )
      Plaintiff,                             )          Civil Action No. 11-259 Erie
                                                   )
      v.                                          )
                                                   )
BRIAN BEGGS, et al,                )          Magistrate Judge Susan Paradise Baxter
      Defendants.                           )

# MEMORANDUM OPINION

Magistrate Judge Susan Paradise Baxter[1]

### A. Relevant Procedural History

The operative complaint in this action is the Second Amended Complaint (ECF No. 53), wherein Plaintiff raises claims against multiple Defendants[2], who are employees of the Department of Corrections at three separate prisons (SCI-Forest, SCI-Somerset and SCI-Laurel Highlands).[3] Plaintiff alleges that these Defendants have engaged in a campaign of retaliatory

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

[2] Named as Defendants are: the Pennsylvania Department of Corrections, Gail Brandonio, Sharon Dombrowki, William Dombrowki, Joseph DuPont, Sherry Dzierski, Paul Ennis, Daniel Gehlmann, Sylvia Gibson, Steven Glunt, Billie Heide, Suzanne Hueston, Steve Ireland, Allen Joseph, Christine Kennedy, Jay Lane, Robert MacIntyre, Timothy Mark, Daniel Meck, Michael Overymyer, John Paul, David Pitkins, Anne Plaksa, Timothy Pleacher, Debra Rand, Gerald Rozum, Debra Sauers, Erie Tice, Paula Toski, Dorina Varner, Erin Wallace-Ireland, Ryan Wilson, Debra Woodard, and D. Woods.

[3] Defendants argue that the various claims arising out of Plaintiff's confinement in SCI Laurel Highlands and SCI Somerset, outlined at ¶¶ 44-110, are improperly joined in this action and should be dismissed from this action and should proceed, if at all, in separate civil actions filed in the Johnstown division of this Court. ECF No. 57. Rule 18 of the Federal Rules of Civil Procedure provides that generally "a party asserting a claim … may join as independent or

1

harassment against him. Plaintiff alleges that this campaign spanned all three correctional institutions, and "included threats, intimidation, facility transfers, fictitious misconducts, and culminating with the outright stoppage of all of Plaintiff's incoming and outgoing mail, including legal mail." ECF No. 53, page 2. Plaintiff makes separate claims based upon individual incidents and also alleges that each incident is part of the campaign of retaliation. For example, Plaintiff alleges that fabricated misconducts violate his due process rights, as well as his right to be free from retaliation.

Defendants have filed a partial motion to dismiss[4] [ECF No. 56] and Plaintiff has filed an opposition brief [ECF Nos. 61, 63]. Defendants have not filed any reply to Plaintiff's opposition brief. The issues are ripe for consideration by this Court.

### B. Standards of Review

#### 1) *Pro Se* Litigants

---

alternative claims, as many claims as it has against an opposing party." Fed.R.Civ.P. 18(a). Under Rule 20 of the Federal Rules of Civil Procedure, "persons […] may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or serious of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2). The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. In opposition, Plaintiff explains that all of his claims arise out of Defendants' intent to retaliate against him for the filing of numerous grievances and a lawsuit. Plaintiff also notes that although these actions occurred at three separate prisons, they occurred within ninety days of each other and are part of a conspiratorial and continuous course of retaliatory conduct. Here, at this stage of the litigation, the interests of judicial economy are best served by allowing the joinder of Plaintiff's claims.

[4] Defendants only address claims arising out of Plaintiff's incarceration at SCI Somerset and SCI Laurel Highlands by moving to dismiss for improper joinder. They have not moved to dismiss those claims on any other grounds, however, in their motion to dismiss they claim to "expressly reserve the right to raise substantive arguments to Plaintiff's SCI Somerset and SCI Laurel Highlands claims in a subsequent motion to dismiss, in the event this Honorable Court denies dismissal of these claims on improper joinder." ECF NO. 57, page 6 n.3.

2

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal,

559 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, 556 U.S. at 678 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

Although Defendants have attached exhibits to their filings, the use of these exhibits by this Court does not convert Defendants' motion to dismiss into a motion for summary judgment. Pryor v. National Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) ("... certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to an Federal Rule of Civil Procedure 56 motion for summary judgment."). See also Ickes v. Flanagan, 2008 WL 859183, at *1 (W.D. Pa.) ("[I]n addition to the allegations contained in the pleadings, the Court may also review matters of public record, exhibits attached to the complaint and items appearing in the record of the case.")

### C. Relevant Factual History

Defendants have provided the dockets from the Pennsylvania Commonwealth and Supreme Courts involving the underlying case.[5] These dockets are incomplete as the last entry is dated March 1, 2012. Plaintiff filed a Petition for Review in the Commonwealth Court on May 18, 2010, challenging the Department of Corrections' denial of Plaintiff's right to send or receive

---

[5] Despite Defendants' statement that they have attached these exhibits, none are attached to the current motion to dismiss. However, the exhibits to which counsel refers can be found at an earlier filing. See ECF No. 41.

mail due to his refusal to execute a Department of Corrections' Power of Attorney form DC-155, and naming the Department of Corrections and many of its employees as Respondents to that action. ECF No. 41-2, page 5. By Memorandum Opinion dated August 24, 2010, Plaintiff's request for preliminary injunction was granted in that the Commonwealth Respondents were enjoined from prohibiting Plaintiff from corresponding by mail with his attorney, the courts of the Commonwealth, and the federal courts.

By Opinion filed August 9, 2011, Plaintiff's motion for summary judgment was granted in part as follows: "1) Department of Corrections' policy and practice, as reflected in DC-155 and as applied to Plaintiff, to revoke all mail privileges where an inmate refuses to grant Department of Corrections authority to endorse checks and deposit the same in his inmate account, unreasonably interferes with rights afforded to Plaintiff under the First Amendment to the U.S. Constitution; and 2) the Department of Corrections is permanently enjoined from enforcing this policy and practice against Plaintiff." ECF No 41-2, page 12.

A status conference was scheduled and the parties were directed that "counsel shall be prepared to address what, if any, merit claims remain for the Court's disposition following the filing of this Court's Opinion and Order this same date, addressing the parties' cross-motions for partial summary judgment." Id.

Thereafter, Plaintiff filed a motion for attorney's fees. By Order dated October 26, 2011, the Court indicated that "the matter [has] been fully resolved on the merits," leaving only the Plaintiff's motion for costs and attorney's fees. Id. at 14. On November 22, 2011, the Department of Corrections appealed to the Pennsylvania Supreme Court. ECF No. 41-3, page 3.

The evidence before this Court ends with a docket entry on March 1, 2012 indicating that Bussinger's brief was filed. However, on December 20, 2013, subsequent to Defendants' filing,

Plaintiff informed this Court that the Commonwealth Court issued a final ruling in Bussinger v. Department of Corrections. Plaintiff indicates that, in pertinent part, the Commonwealth Court held: "The Court concludes that Department of Corrections' conduct during the course of these proceedings was vexatious and performed in bad faith. Accordingly, Section 2503 of the Judicial Code provides a basis upon which to award Bussinger attorney's fees, and the Court grants Bussinger's application for attorney's fees in the amount of $26,165.50, which the Court finds to be a reasonable fee." See ECF No. 63.

### D. *Younger* Abstention

Defendants argue that the claims involving the withholding of mail at SCI Forest should be dismissed based upon the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971).

A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding. Id. The Younger abstention doctrine "reflects a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Feingold v. Office of Disciplinary Counsel, 487 Fed.Appx 743, 744-45 (3d Cir. 2012) quoting Gwynedd Properties, Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1199 (3d Cir. 1992). However, "abstention rarely should be invoked," Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992), and is only appropriate "in a few carefully defined situations," Gwynedd Properties, 970 F.2d at 1199.

The Younger abstention doctrine applies when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the

7

state proceedings afford an adequate opportunity to raise the federal claims." <u>Wattie-Bey v. Attorney General's Office</u>, 424 Fed.Appx 95, 96-97 (3d Cir. 2011). Only if all three prongs are met should federal courts abstain unless there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." <u>Middlesex Cnty. Ethics Committee v. Garden State Bar Ass'n</u>, 457 U.S. 423, 435 (1982). <u>See</u> also <u>Addiction Specialists, Inc. v. Township of Hampton</u>, 411 F.3d 399, 408 (3d Cir. 2005).

The record is insufficient for this Court to make a factual determination on the three <u>Younger</u> prongs. On the date the instant action was filed (October 28, 2011), it is not clear whether the state court case was an on-going proceeding. <u>See</u> <u>Addiction Specialists</u>, 411 F.3d at 408-09 (to satisfy the first prong of the <u>Younger</u> test, the proceedings at issue must be ongoing at the time the federal action was filed). Even the Commonwealth Court itself seemed unclear as to whether the proceedings should continue after its opinion filed on August 9, 2011, in that the Commonwealth Court scheduled a status conference directing that counsel "address what, if any, merit claims remain for the Court's disposition." ECF No. 41-2, page 12. Moreover, the limited record before this Court does not provide information as to the second and third <u>Younger</u> prongs (i.e., whether the state court proceedings implicated important state interests and afforded Bussinger an adequate opportunity to raise the federal claims). Accordingly, the motion to dismiss will be denied in this regard.

### E. Due Process Claim based upon Missing Property

Defendants move to dismiss Plaintiff's due process claims based upon missing property. In his opposition brief, Plaintiff acknowledges that he has not alleged a loss of property claim. Therefore, the motion is dismissed as moot in this regard.

### F. Due Process Claim based upon False Misconducts

Plaintiff claims that his due process rights were violated by the filing of false misconducts. Such an allegation fails to state a claim upon which relief may be granted.

The filing of a misconduct, even if later proven to be false, "is not a constitutional violation so long as the inmate is provided with due process." Flanagan v. Shiveley, 783 F.Supp. 922, 931 (M.D. Pa. 1992), aff'd, 980 F.2d 722 (3d Cir. 1992) (citations omitted). See also Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (A "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"), cert. denied, 485 U.S. 982 (1988).

Plaintiff claims that he was sanctioned to fifteen days of cell restriction as a result of the misconduct at SCI Forest. The Supreme Court has held that a prisoner's state created liberty interest is limited to those situations that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In Sandin, the Supreme Court considered the question of whether segregated confinement implicated a constitutional liberty interest and concluded that "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Id. at 486. See also Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997) (placement of a prisoner in administrative custody for a period of 15 months did not impose atypical and significant hardship on prisoner and, thus, did not deprive due process rights). Thus, the fact that Plaintiff was sanctioned to minimal terms of discipline does not implicate a violation of a constitutionally recognized liberty interest under the Fourteenth Amendment.

Plaintiff's due process claim based upon false misconduct will be dismissed, and because S. Dombrowski, Plaska, Ireland and Tice are named as Defendants only based upon their involvement in the misconduct process, these Defendants will be dismissed. See also infra.

### G. Verbal Threats

Defendants move to dismiss Plaintiff's Eighth Amendment claims based upon verbal threats made to him by prison staff. Verbal threats or taunts, without more, are not sufficient to constitute a violation of the Eighth Amendment. See, e.g., McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000).

Plaintiff's Eighth Amendment claims based on verbal threats will be dismissed. However, ongoing verbal threats and harassment may constitute evidence of retaliation. See Anderson v. Davila, 125 F.3d 48, 161 (3d Cir.1997) ("An otherwise legitimate and constitutional government act can become unconstitutional when an individual demonstrates that it was undertaken in retaliation for his exercise of First Amendment rights.").

### H. Retaliation claims against Brandino and W.Dombrowski

Defendants move to dismiss the following specific retaliation claims that allegedly occurred at SCI Forest: 1) Brandino issued several misconducts for which Plaintiff received no sanction, or received cell restriction; 2) Brandino conducted several searches of Plaintiff's person or cell; and 3) W. Dombrowski transferred Plaintiff to a different housing unit.

It is well-settled that "[g]overnment actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523,

530 (3d Cir. 2003) quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). See also White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990) ("Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983.").

In order to state a *prima facie* case of retaliation, a prisoner plaintiff must allege:

1) The conduct in which he was engaged was constitutionally protected;

2) he suffered "adverse action" at the hands of prison officials; and

3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). See also Holbrook v. Walters, 296 Fed.Appx 230, 233 (3d Cir. 2008).[6]

Defendants move to dismiss the three retaliation claims arguing that Plaintiff has failed to meet the *prima facie* retaliation case at the adverse action prong. Defendants argue:

> First, Plaintiff did not even receive time in the RHU as a result of the misconducts at issue; rather, he either received no sanction at all, or cell restriction. These minor sanctions are not sufficient to deter a person of ordinary firmness from continuing to exercise his constitutional rights in petitioning the government through filing grievances. In addition, it is clear that no reasonable prisoner of ordinary firmness would be deterred by a cell or personal search, since prisoners are subject to the search of their cell and person at any time and for any (or no) reason. Finally, transfer to another general population unit simply

---

[6] Following the satisfaction of a *prima facie* case of retaliation, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if plaintiff were not engaging in the constitutionally protected activities. Carter, 292 F.3d at 158. "Once a prisoner has demonstrated that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334.

would not deter a person of ordinary firmness from exercising his constitutional rights.

ECF No. 57, page 15.

Defendants' argument in this regard demonstrates that they miss the point of Plaintiff's complaint. Plaintiff is not making separate isolated claims of retaliation. Instead, he claims that all his allegations taken together demonstrate a campaign of retaliation. Plaintiff alleges that these Defendants have engaged in a campaign of retaliatory harassment against him due to his filing of grievances and court actions. Plaintiff alleges that this campaign "included threats, intimidation, facility transfers, fictitious misconducts, and culminating with the outright stoppage of all of Plaintiff's incoming and outgoing mail, including legal mail." ECF No. 53, page 2. In his opposition brief, Plaintiff explains that W. Dombrowski and Brandino "took part in a campaign of retaliatory harassment, and although their acts may be considered trivial in detail, they were substantial in gross." ECF No. 61, page 11.

To show the "adverse action" necessary to fulfill the second prong, the prisoner plaintiff must demonstrate that defendants' action were "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah v. Al-Hafeez, 208 F.Supp.2d 520, 535 (E.D. Pa. 2002) quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000). Here, when viewed together as a campaign of retaliation, Plaintiff's allegations of "threats, intimidation, facility transfers, fictitious misconducts," as well as the "outright stoppage of Plaintiff's incoming and outgoing mail" are sufficient to meet the adverse action prong of the retaliation claim.

Accordingly, the motion to dismiss will be denied in this regard.

### I. Personal Involvement

Although Plaintiff names many Defendants, he has not adequately alleged the personal involvement of all of them and seeks to hold some of them personally liable under § 1983 based solely on their supervisory status.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990, cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir.1988). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Dep't of Social Services, 436 U.S. 658(1978). However, "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) quoting Rode, 845 F.2d at 1207.

Because Plaintiff has not alleged the personal involvement of Defendants S. Dombrowski, Plaska, Overmeyer, Toski, Ennis, Ireland or Tice, they should be dismissed from this action.

### J. Eleventh Amendment Immunity

Plaintiff has named the Pennsylvania Department of Corrections as a defendant to this action.

The Department of Corrections[7] cannot be sued under the Eleventh Amendment which proscribes actions in the federal courts against, *inter alia,* states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); Mt. Healthy Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it ... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) citing Alabama v. Pugh, 438 U.S. 781 (1978). It is well-settled that the DOC, which administers all state correctional institutions, is an agency or arm of the Commonwealth of Pennsylvania. Thus, the Department of Corrections and its respective institutions are also entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. See Steele v. Pennsylvania, 2009 WL 614800, at *8 (W.D. Pa.).[8]

The Department of Corrections will be dismissed from this action.

An appropriate Order follows.

---

[7] Additionally, the Department of Corrections is not a "person" as defined under § 1983 and thus, cannot be sued under that statute. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

[8] No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538, at *1 n.2 (E.D. Pa.) nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. See 42 Pa.C.S. § 8521(b); Chittister v. Dep't of Community & Economic Development, 226 F.3d 223, 226 (3d Cir. 2000)("The legislature has directed that the Commonwealth retains its sovereign immunity. See 1 Pa. Cons.Stat.Ann. § 2310 (West Supp.2000) ( "[I]t is hereby declared to be the intent of the General Assembly that the Commonwealth ... shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.")").

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE BUSSINGER, )
    Plaintiff, ) Civil Action No. 11-259 Erie
)
v. )
)
BRIAN BEGGS, et al, ) Magistrate Judge Susan Paradise Baxter
    Defendants. )

**O R D E R**

AND NOW, this 25th day of March, 2014;

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendants [ECF No. 56] is GRANTED in part, DENIED in part and DISMISSED AS MOOT in part. More specifically:

- The motion to dismiss due to improper joinder is denied;

- The motion to dismiss based on the <u>Younger</u> abstention doctrine is denied;

- The motion to dismiss the due process claim based on false misconducts is granted;

- The motion to dismiss the due process claim based upon the missing property is dismissed as moot;

- The motion to dismiss the Eighth Amendment claim based on verbal threats and harassment is granted;

- The motion to dismiss the retaliation claims is denied;

- The motion to dismiss some Defendants based upon lack of personal involvement is granted; and

- The motion to dismiss the Pennsylvania Department of Corrections due to Eleventh Amendment immunity is granted.

The Clerk of Courts is directed to terminate the following Defendants from this action: S.Dombrowski, Plaska, Overmeyer, Toski, Ennis, Ireland, Tice, and the Pennsylvania Department of Corrections.

An Order setting Case Management deadlines will be issued separately.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge